**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

CARLOS RODRIGUEZ-GARCIA

    **Plaintiff(s)**

        **v.**
JUNTA DE DIRECTORES DE
COOPERATIVA JARDINES DE SAN
IGNACIO, et al.,

    **Defendant(s)**

**CIVIL NO**. 03-2190 (JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is a Motion for Summary Judgment, filed by defendant Junta de Directores de Cooperativa de Jardines de San Ignacio ("Cooperativa")on April 28th, 2005.  (Docket No. 25). On January 31st, 2006, Magistrate-Judge Gustavo A. Gelpi issued a Report and Recommendation (R&R) to GRANT Cooperativa's Motion, based on his finding that plaintiff failed to establish a prima facie case of discrimination based on disability.  (Docket No. 55).  On February 10th, 2006, Cooperativa filed timely Objections to the R&R. (Docket No. 58).

For the reasons set forth below, the Court **GRANTS** the Motion for Summary Judgment.

Civil No. 03-2190 (JAG)                                                    2

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff Carlos Rodriguez-Garcia ("Plaintiff") was hired by Cooperativa as a maintenance worker on October 16th, 1991. Plaintiff's duties at the Cooperativa included, but were not limited to, sweeping, mopping, washing and waxing floors, collecting garbage, and cleaning the parking and recreational areas.  Although on a few occasions plaintiff had to paint, this was not an essential function of his position.

On October 14th, 1999, plaintiff went to the State Insurance Fund ("SIF"), claiming that he suffered from bronchial spasms. Plaintiff remained under treatment at the SIF for his bronchial spasms condition until June 7th, 2000, when the SIF issued a discharge notice with a determination of no disability.  Around that time, Cooperativa received a letter from the SIF recommending that plaintiff not be exposed to chemicals with a strong odor, detergents, irritating vapors, and aerosols. It is uncontested that, pursuant to the SIF's letter, Cooperativa made reasonable accommodations by eliminating from plaintiff's duties those that exposed him to chemicals and strong odors. In addition, although plaintiff acknowledges that the SIF also advised him to stop smoking, he does not deny that he continued to smoke until 2002.

In October of 2000, plaintiff was diagnosed with arterial

---

[1] The Court extracts the relevant facts from the Magistrate-Judge's R&R.

Civil No. 03-2190 (JAG)                                                    3

congestion, and underwent surgery in November of that year to have

a pacemaker installed.  After surgery, plaintiff requested to be

reinstated to his position.  However, Cooperativa required plaintiff

to provide medical certifications that he was able to perform the

duties of his position, in accordance with the terms of Article XII

of the Collective Bargaining Agreement entered with the Union to

which plaintiff belonged, the Union General de Trabajadores

("UGT").[2]  Accordingly, plaintiff obtained a medical certificate

from Dr. Gilberto Rodriguez and reported to work on November 27th,

2000. Dr. Rodriguez's certificate did not satisfy Cooperativa

because, among other things, he did not perform plaintiff's

pacemaker surgery, and the certificate's contents allegedly "had

nothing to do with the pacemaker surgery."[3]  (Docket No. 26).

_____

[2] Article XII- <u>Reservation of Employment</u>

    ...

    Section 3: Once a physician certifies that the temporarily
disabled employee is in condition to return to work, the Cooperative
will offer him the opportunity to occupy his position again with the
corresponding increases and other benefits due.  Nevertheless, the
Cooperative reserves the right to send the employee to submit to a
medical examination paid by the Cooperative.  (Docket No. 26,
Exhibit # 12).

    [3] Dr. Rodriguez's certificate, dated November 21st, 2000,
states:

        To whom it may concern:

        By the present I certify that Mr. Carlos Rodriguez has
        been under my care since October 16 -00- Nov/27/00. Return
        to job on Nov/27/00.  (Docket No. 36, Exhibit #10).

Civil No. 03-2190 (JAG)                                                    4

Cooperativa requested a second certificate to ensure that plaintiff was in good condition to return to work after his pacemaker surgery.  On December 18th, 2000, plaintiff presented a medical certificate from Dr. Jose Rivera stating that plaintiff's pacemaker was in good working condition.[4]  However, Cooperativa was not satisfied with the second certificate either, as it did not address whether plaintiff could perform the functions of his position.  Cooperativa instructed plaintiff not to return to work until he could provide a medical certificate stating he was apt to do so, as required by the collective bargaining agreement.

On January 30th, 2001, the SIF placed plaintiff on leave due to an emotional condition.  On April 9th, 2001, the SIF closed plaintiff's emotional condition case.  Cooperativa claims that at the end of his SIF leave, plaintiff did not return to work nor requested to be reinstated.  Plaintiff, on the other hand, claims that he was "constructively discharged and/or terminated" by Cooperativa's refusal to reinstate him to his position. Accordingly,

---

[4] Dr. Rivera's certificate, dated December 15th, 2000, states:

>    To whom it may concern:

>    Mr. Rodriguez was evaluated in our office today.  His pacemaker was found to be functioning in an adequate manner.

>    P.S. For more information, please call our office. (Docket No. 13, Exhibit # 13).

Civil No. 03-2190 (JAG)                                                   5

on November 4th, 2003, plaintiff filed the present complaint

pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C.

§12117, claiming that Cooperativa:

> a) failed to reinstall Plaintiff on the basis of his
> medical conditions which do not directly affected the
> specific job Plaintiff was capable of performing; and
>
> b) failed to reinstall Plaintiff because of his chronic
> bronchitis and having a pacemaker, which is unrelated to
> plaintiff's ability to perform the essential functions of
> his position as a maintenance worker.  (Docket No. 1 at
> 13).

On April 28th, 2005, Cooperativa filed a Motion for Summary

Judgment.   (Docket No. 25).   On November 14th, 2006, the Court

referred the Motion to a Magistrate-Judge for a Report and

Recommendation.  (Docket No. 53). On January 31st, 2005, Magistrate-

Judge Gustavo A. Gelpi issued an R&R to GRANT Cooperativa's Motion,

based on his finding that plaintiff failed to establish that he was

substantially limited in the major life activity of working and/or

breathing due to his condition of bronchitis.  Specifically, the

Magistrate-Judge concluded that plaintiff's "continued smoking is

evidence that his condition did not substantially limit his major

life activity — breathing," and that "to ignore this undisputed fact

would be disingenuous."  (Docket No. 55 at 6).

On February 10th, 2006, plaintiff filed an Opposition to the

R&R, arguing that the Magistrate-Judge failed to consider his

alternative argument that even if the Court determines that he is

not substantially limited in the major life activity of either

Civil No. 03-2190 (JAG)                                                  6

breathing or working, he is, nonetheless, "regarded as" an

individual with a disability by his employer inasmuch as Cooperativa

mistakenly considers him to be substantially limited in the major

life activity of working because of his wearing a pacemaker. (Docket

No. 58 at 2-4).  Since plaintiff does not challenge the Magistrate-

Judge's findings, the Court will **ADOPT** the R&R's conclusion that

plaintiff is not substantially limited in a major life activity, but

will assess <u>de</u> <u>novo</u> his "regarded as" argument.  <u>See</u> 42 U.S.C.

§12102(2)(C).

**STANDARD OF REVIEW**

1.  <u>ADA Claim Standard</u>

The ADA prohibits discrimination by covered entities, including

private employers, against qualified individuals with a disability.

42 U.S.C. § 12112(a).  A qualified individual with a disability is

identified as "an individual with a disability who, with or without

reasonable accommodation, can perform the essential functions of the

employment position that such individual holds or desires." 42

U.S.C. § 12111(8).  In turn, a "disability" is defined as:

    (A) a physical or mental impairment that substantially limits

    one or more of the major life activities of such individual;

    (B) a record of such an impairment; or

    (C) being regarded as having such an impairment. 42 U.S.C. §

    12102(2).

    Under subsection (C), there are two ways in which individuals

Civil No. 03-2190 (JAG)                                              7

may fall within the statutory definition: 1) a covered entity

mistakenly believes that a person has a physical impairment, that

substantially limits one or more major life activities, or 2) a

covered entity mistakenly believes that an actual, nonlimiting

impairment substantially limits one or more major life activities.

Sutton v. United Airlines, Inc., 527 U.S. 471, 489 (1999); Sullivan

v. Neiman Marcus Group, Inc., 358 F.3d 110, 117 (1st Cir. 2004);

Bailey v. Georgia-Pacific Corp.,   306 F.3d 1162, 1169 (1st Cir.

2002). In both cases, it is necessary that a covered entity

entertain misperceptions about the individual—it must believe either

that one has a substantially limiting impairment that one does not

have, or that one has a substantially limiting impairment when, in

fact, the impairment is not so limiting.  Id.

     A plaintiff claiming that he is "regarded" as disabled cannot

merely show that his employer perceived him as *somehow* disabled;

rather, he must prove that the employer regarded him as disabled

*within the meaning of the ADA*.  Bailey, 306 F.3d at 1169.  The

Supreme Court has ruled that "to be regarded as substantially

limited in the major life activity of working, one must be regarded

as precluded from more than one particular job." Murphy v. UPS, 527

U.S. 516, 523 (1999). Instead, a plaintiff must show that he was

perceived as being unable to work in either a class of jobs or a

broad range of jobs in various classes as compared with the average

person having comparable training, skills, and abilities.  Id.,

Civil No. 03-2190 (JAG)                                              8

Bailey, 306 F.3d at 1170.

In order to survive a summary judgment motion, the plaintiff bears the burden of establishing a prima facie case of discrimination. Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 264 (1st Cir. 1999)(approving the use of the McDonnell-Douglas framework in connection with ADA claims of disability discrimination). Under this approach, the plaintiff must first establish that: 1) he suffers from a disability or handicap, as defined by the ADA; 2) he was nevertheless able to perform the essential functions of his job, either with or without reasonable accommodation; and 3) the adverse employment decision was based in whole or in part on his disability. Benoit v. Technical Mfg. Corp., 331 F.3d 166, 175 (1st Cir. 2003). If plaintiff is able to satisfy these elements, then the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its employment decision by producing credible evidence to demonstrate the same. Id. If the employer offers such a reason, the burden shifts back to the plaintiff to proffer evidence establishing that the employer's non-discriminatory justification is a mere pretext, cloaking discriminatory animus.

## DISCUSSION

Plaintiff claims that he is entitled to relief because, "due to Cooperativa's fear, myth and/or stereotypes about persons wearing pacemakers," he was denied reinstatement. (Docket No. 58 at 4).

Civil No. 03-2190 (JAG)                                              9

Thus, he argues that he is "regarded as" disabled within the meaning

of the ADA because Cooperativa mistakenly believes that his wearing

a pacemaker substantially limits his major life activity of working.

     Cooperativa counters that plaintiff has presented no evidence

as to his "regarded as disabled" argument, and "has relied merely on

self-serving assumptions that are insufficient to prevent summary

judgment."  (Docket No. 59 at 2). Furthermore, Cooperativa asserts

that the only reason why it denied plaintiff's return to work was

not because he was regarded as disabled, "but because under the

Collective Bargaining Agreement with the [UGT], of which [plaintiff]

was a member, an employee could not return to work without a medical

certificate that would establish that he was apt to return to work."

Id., at 5.  The Court agrees.

     Murphy v. UPS, 527 U.S. 516 (1999), controls the issue at bar.

In Murphy, the employer terminated an employee whose position

required him to drive commercial vehicles, upon discovery that his

blood pressure exceeded Department of Transportation health

certification requirements for drivers of commercial vehicles.  The

employee brought suit pursuant to Title I of the ADA arguing, among

other things, that he was fired because he was "regarded as"

disabled under the ADA.  The District Court and the Court of Appeals

decided in favor of the employer, ruling that UPS "did not regard

Murphy as disabled, only that he was not certifiable under DOT

regulations."  Id., at 524. The Supreme Court affirmed, holding that

Civil No. 03-2190 (JAG)                                                  10

>    [t]he evidence that petitioner is regarded as unable to meet the DOT regulations is not sufficient to create a genuine issue of material fact as to whether petitioner is regarded as unable to perform a class of jobs utilizing his skills.  At most, petitioner has shown that he is regarded as unable to perform the job of mechanic only when that job requires driving a commercial motor vehicle...Consequently, in light of petitioner's skills and the array of jobs available to petitioner utilizing those skills, petitioner has failed to show that he is regarded as unable to perform a class of jobs.

Id., at 524-525.

The same reasoning applies here.  Cooperativa has furnished evidence that it has not reinstated plaintiff because he has not secured a medical certificate to establish that he is in condition to return to work, as required by Art. XII of the collective bargaining agreement. Plaintiff, on the other hand, adduces no evidence that his employer thought he was unfit for either a class or a broad range of jobs.  In fact, plaintiff does not even mention the "broad range of jobs" requirement in his brief. See Sullivan, 358 F.3d at 118.  Plaintiff only alleges that the fact that Cooperativa provided reasonable accommodation shows that it regarded him as disabled.  This argument, however, has been considered as "insufficient to create a triable issue" on whether the employer regarded the plaintiff as disabled. See Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 798 (9th Cir. 2001)("when an employer takes steps to accommodate an employee's restrictions, it is not thereby conceding that the employee is disabled under the ADA or that it regards the employee as disabled"); Plant v. Morton International Inc., 212 F.3d 929, 938 (6th Cir. 2000)("[Plaintiff

Civil No. 03-2190 (JAG)                                              11

cannot show that [the "regarded as" provision] applies to him merely

by pointing to that portion of the record in which his supervisor

admitted that he was aware of [plaintiff's] medical restrictions and

modified his responsibilities based on them").[5]  Moreover, to rule

otherwise would discourage the amicable resolution of many

employment disputes and needlessly force parties into expensive and

time consuming litigation.

Consequently, the Court finds that plaintiff failed to

establish that Cooperativa regarded him as disabled within the

meaning of the ADA.[6]

**CONCLUSION**

For the foregoing reasons, the Court concludes that plaintiff

does not demonstrate: 1) that he is substantially limited in a major

life activity; and 2)that Cooperativa considered him to be limited

in his ability to work in a broad range of jobs, as required by the

rigorous standards of the ADA. Since a prima facie case of

discrimination based on disability cannot be established,

Cooperativa's Motion for Summary Judgement is hereby **GRANTED.**

---

[5] See also Marlon v. New England College, 124 Fed.Appx. 15, 16-
17 (1st Cir. 2005).

[6] The First Circuit noted in Sullivan, 358 F.3d at 118 n. 4,
that "the approach to the "regarded as" prong that the Supreme Court
took in Murphy has been subjected to a significant amount of
academic criticism," since under the "class of jobs" analysis it is
virtually impossible for a claimant to establish a "regarded as"
claim.  However, the Supreme Court has not altered the Murphy
precedent.

Civil No. 03-2190 (JAG)                                              12

    Judgment shall enter accordingly.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 21st day of February, 2006.

                                   **S/Jay A. García-Gregory**
                                   JAY A. GARCIA-GREGORY
                                   United States District Judge